### STRINGER L. TINLEY *vs.* HENRY TODD.

On a certiorari the appellant must state in his exceptions the particular error relied on.

The appellant must file exceptions or alledge diminution by the *first Friday* of the term; but the time will be enlarged for the respondent to alledge diminution.

If the justice send up matter of *evidence*, the party will not be admitted to falsify it on a certiorari.

CERTIORARI to Justice Harper.

The first exception to the record in this case was, "that no warrant or summons was issued and served on the said Stringer L. Tinley according to the act of assembly in such case made and provided."

The summons was in proper form, and concluded as usual, "witness the hand and *seal* of the said justice," &c., but the seal was omitted after the justice's name. This error was pointed out; but

*The Court* said the exception is itself too general. The omission of the seal may be and probably is an error in copying the record; and if the exception had pointed it out the other side might have alledged diminution and obtained a further return.

2d exception. Because the oath of the constable, verifying his return to the summons, was not *signed* by him.

The record supported this objection, and a question arose whether the defendant in error might not yet alledge diminution. The 36th rule of court requires that " the appellant shall file particular exceptions or causes of diminution by the first Friday of the term to which the certiorari is returned ;" but is the respondent limited to the same time? He cannot know in what respect the record is diminished until after exceptions filed. The record here was returned to the present term ; the exceptions were filed the day before yesterday ; and as there was a probability that the error pointed out was merely a clerical one, the court inclined to allow the respondent further time to procure a more accurate return if he found that an allegation of diminution would avail him any thing.

The record set out that the judgment was rendered against Tinley, the defendant below, by default, " after hearing the allegations and proof of the said Henry Todd, the plaintiff; and it being proved by the oath of Thomas Stevenson, a credible witness, sworn and examined on the part and behalf of the said plaintiff, that the said defendant promised and assumed to answer to the said plaintiff for the default of one James C. Jackson ; that is to say, that the said Stringer L. Tinley promised and assumed in consideration of certain services rendered to him and at his request by the said James C. Jackson, to pay to the said Henry Todd the sum of ten dollars for a debt which the said James C. Jackson justly owed to the said Henry Todd, and which he had neglected and refused to pay."

The plaintiff in error now filed an affidavit setting forth that the testimony of the witness in relation to a promise by him to pay Todd a debt due to Jackson, was incorrectly stated on the record, and praying to be allowed to prove this ; but

*The Court* said, we cannot hear the testimony. It would be a rehearing on the facts. The justice was the judge of the evidence ; if he mistook the nature or effect of the proof, the party's relief was by appeal. On a certiorari we can only try the case as it stands on the record.

Diminution alledged, and continued.

*Laws*, for plaintiff in error.
*Bates*, for defendant.